IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:10-cr-0090-SWW |
| | * | |
| | * | |
| | * | |
| JAMES BRUCE MORRIS and | * | |
| KAREN SUE MORRIS, | * | |
| | * | |
| Defendants. | * | |

## ORDER

James Bruce Morris and his wife, Karen Sue Morris, were charged in a 44-count superseding indictment with theft of Social Security funds and aiding and abetting theft of Social Security funds, concealment of a material fact as to Social Security funds, theft of Veteran's Administration funds, conspiracy to defraud the government, aiding and abetting obtaining Title IV funds by fraud and false statements, aiding and abetting in the filing of false tax returns, causing another to file false tax returns, and aiding and abetting in causing another to file false tax returns. There were four victim departments or agencies of the United States which were named in the superseding indictment: (1) the Social Security Administration (SSA); (2) the Veteran's Administration (VA); (3) the Department of Education (DOED); and (4) the Internal Revenue Service (IRS).

A jury trial began on April 11, 2011, and concluded on April 26, 2011, with defendants being found guilty on all 44 counts. The Court commenced a sentencing

hearing on the afternoon of September 30, 2011, but continued the hearing because the parties were not prepared to address restitution calculations. The sentencing hearing resumed on January 27, 2012. At that hearing, defendant James Bruce Morris was sentenced to 48 months imprisonment on each count for which he was convicted to run concurrently and 3 years supervised release on each of those counts to run concurrently. Defendant Karen Sue Morris was sentenced to 24 months on each count for which she was convicted to run concurrently and 3 years supervised release on each of those counts to run concurrently. Both defendants were also ordered to pay a $100.00 special assessment on each count for which they were convicted (a total of $3,700.00 for Mr. Morris and a total of $2,200.00 for Mrs. Morris). However, because there remained issues regarding restitution, the Court directed the parties to file briefs addressing the remaining restitution issues. The parties timely filed their restitution briefs and the Court is now prepared to rule.

I. Restitution

    A. Social Security Administration

The restitution amount for Mr. Morris for his convictions regarding the SSA is $256,519.00. The Court originally ordered a 1 month reduction in that restitution amount based on the fact that Mr. Morris might otherwise have been entitled to begin receiving retirement benefits 1 month prior to his convictions in April 2011. It turns out, however, that the SSA stopped loss calculations in February 2011. Because Mr. Morris was not even eligible for retirement benefits until March 2011, the Court will not set off the 1

month of retirement benefits against the restitution amount.

The restitution amount for Mrs. Morris for her convictions regarding the SSA is $135,320.00. This amount is to be payable jointly and severally.

Accordingly, with regard to the SSA, the Court will include in the Judgment an order of restitution in the amount of $256,519.00 payable by Mr. Morris of which $135,320.00 of that amount will be payable jointly and severally with Mrs. Morris.

B. Veteran's Administration

The restitution amount for Mr. Morris for his convictions regarding the VA is $252,051.87. Because only Mr. Morris was convicted of theft from the VA, the United States agreed not to seek an order of restitution to the VA with regard to Mrs. Morris.

Accordingly, with regard to the VA, the Court will include in the Judgment an order of restitution in the amount of $252,051.87 payable by Mr. Morris individually.

C. Department of Education

With regard to the DOED, Mr. and Mrs. Morris were found guilty of defrauding the DOED with respect to Pell Grants[1] they assisted their two daughters–A.S. and M.S.–in obtaining. The United States argues that the restitution amount is $28,870.00–the amount received by the two daughters–to be payable jointly and severally as both Mr. and Mrs. Morris were convicted of defrauding the DOED. Mrs. Morris, however, raised an issue about the potential effect on DOED restitution if her two

---

[1] According to the superseding indictment, the Federal Pell Grant Program is a Title IV program which provides funding to assist eligible students meet the costs of a post-secondary education.

-3-

daughters applied for Pell Grants without the participation of Mr. and Mrs. Morris. Mrs. Morris notes that while the United States correctly states that the two daughters would not have been eligible for financial aid without the parents' income tax information, this does not mean that they would not have been eligible for some student aid. In this respect, DOED Agent Brian Beers contacted the two institutions the daughters attended–Mesa State College (A.S.) and Henderson State University (M.S.)–and it was determined that using corrected family contributions, A.S. would have been entitled to $3,200.00 for the school year 2003-2004 and $2,900.00 for the school year 2004-2005, and that M.S. would have been entitled to $3,060.00 for the school year 2007-2008. Mrs. Morris states that A.S. likewise would have been entitled to $3,060.00 for the school year 2007-2008. Mrs. Morris argues that based upon the recalculations, the defendants are entitled to a deduction of $12,220.00 from the United States's restitution figure of $28,870.00. The Court agrees and will make the requested deduction.

Accordingly, with regard to the DOED, the Court will include in the Judgment an order of restitution in the amount of $16,650.00 payable by Mr. and Mrs. Morris jointly and severally.

D. <u>Internal Revenue Service – Conspiracy and Related Counts</u>

With respect to Counts 4 and 10-15 regarding the IRS, the restitution amount is $71,826.00 to be payable jointly and severally as both Mr. and Mrs. Morris were convicted of defrauding the IRS.

Accordingly, with regard to the IRS (Counts 4 and 10-15), the Court will include

in the Judgment an order of restitution in the amount of $71,826.00 payable by Mr. and Mrs. Morris jointly and severally.

      E. <u>Internal Revenue Service – Preparer Fraud</u>

With respect to Counts 16-44 regarding the IRS, the restitution amount is $71,601.00. Of this amount, Mr. and Mrs. Morris aided and abetted each other with respect to $4,850.00 (Counts 21 & 22), Mrs. Morris was convicted individually with respect to $6,799.00 (Counts 16, 20, 23, 25-26, & 28-29), and Mr. Morris was convicted individually with respect to $59,952.00 (Counts 17-19, 24, 27, & 30-44). The Court agrees with the United States that because both defendants were convicted of defrauding the IRS in what appears to have been mutually relevant conduct pursuant to an agreed scheme, they may be ordered to pay jointly and severally.

Accordingly, with regard to the IRS (Counts 16-44), the Court will include in the Judgment an order of restitution in the amount of $71,601.00 payable by Mr. and Mrs. Morris jointly and severally.

II. <u>Method of Payment of Restitution</u>

Having determined the amount of restitution to be paid, there remains the question of how restitution is to be paid. As Mr. Morris is entitled to SSA and VA payments, these departments/agencies may simply withhold from him the sums otherwise due until restitution is fully paid. Otherwise, the addresses for payment of restitution to these departments/agencies is set forth below. As to the IRS and DOED (and, should they prefer actual payment of restitution rather than withholding of benefits to satisfy

restitution, the SSA and VA) the Court directs restitution to be paid as follows to the addresses set forth below: during incarceration in the Bureau of Prisons, 50% per month of all funds available to the defendants; following incarceration, and beginning with community confinement (halfway house) and during supervised release, 10% per month of defendants' gross income until restitution is paid. This is without prejudice to the United States collecting restitution though any other conventional means.

III. Addresses for Restitution

The United States has provided the following addresses for payment of restitution:

A. United States Department of Education

Renu Kapur
U.S. Department of Education
OCFO - Financial Management Operations
Accounts Receivable Group
550 12th Street, SW, RM 6107
Washington, DC 20202-4461
Phone: 202-245-8058
Fax: 202-245-0166

B. Social Security Administration

Social Security Administration
Debt Management Section
ATTN: Court Refund
PO Box 2861
Philadelphia, PA 19122

C. United States Department of Veterans Affairs

GARY LANG/Accounts Receivable
U.S. Department of Veterans Affairs
Debt Management Center
P O Box 11930

     St. Paul, MN 55111
     Include C-25 296 202 on the remittance.

D. <u>Internal Revenue Service</u>

     IRS - RACS
     Attn: Mail Stop 6261,
     Restitution
     333 W. Pershing Ave.
     Kansas City, MO 64108

IV. <u>Post-Sentencing Conduct</u>

The United States advises that since the sentencing hearing held on January 27, 2012, it has received reports that the defendants are continuing to advise clients regarding tax preparation information and are continuing to prepare tax returns. The Court hereby orders that the defendants immediately cease and are prohibited from any and all tax preparation business, including tax return preparation.

                    IT IS SO ORDERED this 29th day of February 2012.

                              <u>/s/Susan Webber Wright</u>
                              UNITED STATES DISTRICT JUDGE